IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD ALLEN HAILES,

    **Plaintiff,**

v.                                                                      CASE NO. 23-3111-JWL

LAURA KELLY, Governor, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Ronald Allen Hailes, who is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"), brings this pro se civil rights case. This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical

---

[1] Prior to filing the instant Complaint on April 26, 2023, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Hailes v. Jackson*, Case No. 92-3077-DES, Doc. 5 (D. Kan. March 19, 1992) (dismissed as legally frivolous); *Hailes v. Roberts*, Case No. 92-3262-DES, Doc. 8 (D. Kan. Oct. 26, 1992) (dismissed as frivolous and malicious); *Hailes v. Stark*, Case No. 95-3133-DES, Doc. 4 (D. Kan. April 28, 1995) (dismissed as frivolous); *Hailes v. Karal*, Case No. 95-3377-GTV, Doc. 4 (D. Kan. Oct. 3, 1995) (dismissed as frivolous); *Hailes v. Asbury*, Case No. 08-3048-SAC, Doc. 16 (D. Kan. May 21, 2008) (dismissed for failure to state a claim ); *Hailes v. McKune*, Case No. 09-3058-SAC, Doc. 3 (D. Kan. March 17, 2009) (finding Mr. Hailes is a three-strikes litigant under Section 1915(g)); *see also Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996) (finding that § 1915(g) requires the court to consider prisoner suits dismissed prior to the statute's enactment).

harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

Plaintiff alleges that the Shawnee County Detention Medical Department cleared Plaintiff to be transferred to LCF. Plaintiff alleges that despite being told by A&D that he would be quarantined at LCF for five days, the Unit Team made a new rule, without the warden's approval, that quarantine would be for seven days. Plaintiff alleges that he was not allowed to make a phone call on April 11, 2023, and was not allowed to go to the law library while on quarantine. Plaintiff also claims that although he was supposed to go to "Quarantine Yard" at 6:00 p.m., he was not allowed out until 6:36 p.m. Plaintiff also alleges that he should have been "taken off of parole" back in May 2022; the doctor has not placed him on a 2800 calorie diet with a snack; and a nurse came to his cell to discuss his medical care, and when he accused her of violating HIPPA, she stated "[i]f you [are] going [to] just act that way Mr. Hailes I will just leave."

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court

filing fee[2] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 25, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated April 27, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.